present so we'll proceed with the first argument Powell v. Jones-Soderman and the appellee is on submission and we have Mr. Ludwig for the appellant. Mr. Ludwig? Yes, Your Honor. You may proceed. Thank you. May it please the court. I am David Ludwig, counsel for the appellant Jill Jones-Soderman. The trial court's finding that Jones-Soderman believed the claims of abuse by their father precluded any finding of actual malice and Powell's claims to the contrary notwithstanding, the finding that Jones- Soderman's published statements were false would not have been supported by admissible evidence in the trial record and would have been clearly erroneous under Rule 52 of the Federal Rules of Civil Procedure. Powell failed to meet his burden of proving both actual malice and falsity. Mr. Ludwig, let me ask you, can I ask you a question about your first point? I didn't really understand your position on that. Under Connecticut law, I think you'll agree with me that under the Gambardella opinion, elder Connecticut cases, Gambardella said it's axiomatic that a defendant who closes her eyes to the facts before her cannot insulate herself from a defamation charge merely by claiming that she believed an unlikely statement. So under Connecticut law, it's absolutely clear that good faith would not preclude liability in terms of, you know, fault, your mental state. To the extent you're arguing that there's some constitutional requirement that good faith provides such a defense, the Gertz case specifically declined to do that and said states can, if they want to, use just a negligent standard, that that's sufficient, which obviously would not you know, would be much lower than trying to show the absence of good faith. So I don't understand that position. Can you explain to me what I'm missing? Thank you, Your Honor. The Gambardella case, actually, at page 637, states, I'm quoting, a negligent misstatement of fact will not suffice. The evidence must demonstrate a purposeful avoidance of truth. And so in the Gambardella case, there was absolutely no evidence supporting the statements that were made. In fact, in that particular case, the defendant was told explicitly by the You're making a factual argument now. I'm asking the legal, you said to me a moment ago, you said to us that good faith, you know, is a defense. You can't be found liable if you have good faith. Gambardella said, you just read to me, if you purposely avoid it, even if you believe it, if you purposely avoid checking it, you are liable under Connecticut law. I could cite five cases to you that say that. Yes, Your Honor. I agree that the purposeful avoidance of truth can be sufficient to demonstrate actual malice. That would not be an instance of good faith, however. My reference to the factual, you know, background of Gambardella suggests that there was not actual good faith in that case, and I think that's apparent from the opinion. All right. Whereas in this case, the district court explicitly found that Ms. Jones-Hoderman was acting in good faith because she did actually believe the children, and she had significant evidence supporting that. It wasn't a case like Gambardella, where there was absolutely no factual justification for the belief. This is Judge Jacobs. Why wouldn't such evidence be provided on the ground that your client is a mandatory reporter and did not report these outrageous and dangerous conditions to the authorities? Your Honor, you're referring to the cutting incident that was referenced in the district court's opinion? I'm referring to the cutting incident. I'm referring to a whole bunch of things. I mean, she received information from the children about abuse. These are criminal things, criminal offenses, and she's a mandatory reporter. Any schoolteacher would have, if they believed it or even if they thought that it was a plausible allegation, would be required to report it to the authorities, and your client didn't. Why wouldn't that indicate that your client didn't really have in the allegations that she published? Yes, your Honor. Well, she did help to facilitate the children's escape attempt in which they were brought to the police station so that they could report the abuse themselves to the authorities. She did attempt to bring these allegations to light through the authorities, including the police, and so she at least made an attempt to satisfy the duty there regarding her mandatory reporting requirements. This is Judge Jacobs again. Let me ask you sort of a prior question. Why is actual malice an issue in this case at all? Mr. Powell is not a public figure. No punitive damages were imposed. Why does anybody have to prove that your client acted with malice? So the case law, for example, the Second Circuit Flam case, as well as the Connecticut Supreme Court Gleason case, require that in cases where the publication relates to a matter of public concern, then actual malice is a requirement, and the plaintiff must bear the burden of actual malice. This is Judge Bianco. Mr. Bloodwood, Gertz, the Supreme Court has said if it's not a public figure, a private individual seeking damages for a defamation, that constitutional negligence is sufficient, and we said in Lehrman the same thing. So this is not a public figure. This is, as Judge said, a plaintiff. Yes, Your Honor, I agree that this is a private plaintiff. So what about Gertz? Why doesn't Gertz control? Yes, sorry, Your Honor, go ahead. No, I'm just asking, why doesn't Gertz control? The Supreme Court said in Gertz that constitutional negligence is sufficient. So the Connecticut Supreme Court in Gleason discussed and applied the Gertz case and decided that Gertz held that actual malice need not be proven by clear and convincing evidence when it is a private plaintiff, but a matter of public concern, but actual malice does still need to be proven by at least a preponderance of the evidence. I wanted to ask you a question about falsity. I know you referenced in that at the very beginning. I saw the arguments in the brief regarding that, and putting aside the issue about the fact of a finding on that, and you can address the appellee's argument, I guess, that it was implicit, but you also make an argument that even if the finding was made explicitly, that there was not evidence to support it. So if, in fact, the magistrate judge here had said, I've heard Mr. Powell's testimony, he's denied it vehemently, the accusations, I find it credible that somehow that would be insufficient. The record is insufficient to support such a finding. Can you have made an actual finding of a falsity? That would have been clear error, because the evidence that the district court cited in its opinion that could potentially relate to falsity was almost entirely hearsay, and the district court very carefully considered during the trial which evidence would be admitted for its truth, and which evidence would be admitted only regarding the state of mind of Ms. Jones-Dodderman. And so when we consider only the evidence that is non-hearsay admitted for its truth, there's very little. Essentially, it boils down to Powell's uncorroborated testimony and the 2016 Judge Tindall opinion, and the Judge Tindall opinion is very limited in terms of its relevance. But let me make sure I understand your argument. You're saying if we were to send this back for a lack of a finding on falsity, and the judge would say, I find based upon, I heard Mr. Powell's testimony, I heard his denials, I found him to be fully credible in denying these allegations, and I find that his denial is corroborated by the 2016 proceedings, which I am allowed to consider for the truth because you didn't object to that. You're saying that would be, that finding, we could reverse that finding? Yes, Your Honor. I don't understand. I mean, in criminal cases, a single witness, you can have beyond a reasonable doubt proven, the law is a cooperating witness, if the jury believe the cooperating witness can satisfy proof beyond a reasonable doubt, and you're suggesting that you couldn't do that here with, obviously, a lower standard, whether it's preponderance or clear and convincing, whatever it is, it's certainly lower than that. Well, there is substantial evidence in the record contradicting the Powell's testimony that was admitted for its truth. For example, the protective order which was admitted for its truth in its allegations of abuse against him. There was also the children's conduct throughout the entire ordeal with Ms. Joan Soderman that suggests that they were telling the truth and that he was actually abusing them after they found out that they were going to have to be returned. Could I just ask you one question? You say that the trial court found that Ms. Joan Soderman believed in the truth of her statements, and I'm just wondering if you could point us to where specifically it did that, what specifically it said. I know that's your argument, and I was looking through the factual findings section of the opinion, and I didn't see that specific, you know, that statement stated so clearly. Yes. It seemed to me a better reading was the district court sort of assumed that even if she believed the statements, it still wouldn't have exalted her actual alibi. So there are multiple references to her beliefs throughout the opinion. The most, and some of those are in the the factual findings section, which I'll identify for you in a moment. The clearest statement was actually in the punitive damages section on appendix 46 to 47, and the quote, the relevant quote is, she believed the girl's allegations in part because of their demeanor during their many phone calls, and in the video they sent to Joan Soderman, and because of the content of the letters and the detailed allegations in CP's diary entries. That's the clearest statement. On appendix 17 to 18, he states the district court stated, quote, at the conclusion of the call, Joan Soderman believed that if she did not get them out of the house that weekend, they would go through with their pack to kill themselves. That's in the finding of fact section. Also in the finding of fact section, footnote 8 on appendix 22, Joan Soderman conversely believed those allegations with full knowledge of the So, appendix 40, at the top of the page, appendix 40, while Joan Soderman may have believed the girls, and thus believed honestly in good faith in the truth of her statements, then the court continues that belief is not enough to overcome liability for defamation. Okay, thank you. Yes, there's there's even further statements to that effect. All right, I think, Mr. Woodwick, your time is up unless there are any other questions from my fellow colleagues. All right, thank you very much, Mr. Woodwick. We appreciate you coming in today. We're going to reserve decision. Have a good day. Thank you.